UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

FILED
98 MAR 18 PM 3:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| GOROV/SLADE ASSOCIATES, INC., )<br>    Plaintiff; )<br>)<br>-vs.- )<br>)<br>ITT HARTFORD INSURANCE GROUP )<br>et. al, )<br>    Defendants. ) | No. CV-97-P-2076-S |

ENTERED
MAR 18 1998

## OPINION

The defendants' Motion for Summary Judgment was considered at the court's March 13, 1998 motion docket. For the following reasons, this motion is due to be granted

### Facts

The plaintiff, Gorov/Slade Associates, Inc. ("GSA") is a traffic and transportation engineering firm. The defendant Hartford was the plaintiff's comprehensive general liability insurer. GSA was sued in an underlying state tort action which alleged that they had been negligent in the planning, designing, construction and/or installation of street lights in Homewood. Hartford refused to defend GSA in this state tort action on the grounds that the case fell under the CGL insurance policy's "Professional Services Exclusion". GSA now brings this suit against Hartford alleging that this failure to defend constitutes a breach of the insurance contract and bad faith.

### Analysis

The comprehensive general liability insurance policy issued by Hartford to GSA contained a general duty to defend the insured. In the underlying case, Hartford refused to defend on the

grounds that claims at issue in the underlying suit were subject to the "Professional Services Exclusion". This exclusion states that:

> This insurance does not apply to "bodily injury," "property damage," "personal injury" or "advertising injury" arising out of the rendering or failure to render any professional services by or for you, including:
> 1) The preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; and
> 2) Supervisory, inspection or engineering services.

The court finds that the liability at issue in the underlying litigation falls clearly within the coverage of this exclusion. The complaint in the underlying litigation alleges that GSA was negligent in the provision of its professional engineering services. The plaintiff in the underlying litigation was injured when his car struck a light pole that he believed was placed too close to the street. GSA had been involved in the process of planning the placement of light poles in the area. This planning process is clearly an excluded professional service.

While GSA may have been involved in other non-professional public relations activities that would not fall under the exclusion, these are not the activities that were the subject of the underlying litigation. The liability in the underlying litigation arose from excluded professional activity of light pole placement, not potentially covered public relations activities.

## Conclusion

Because the underlying liability clearly falls within the professional services exclusion, the defendant is due to be granted summary judgment on both the plaintiff's breach of contract claims and the bad faith claims.

Dated: March 18, 1998

                                                Chief Judge Sam C. Pointer, Jr.

Service list:
    J. Mark Hart
    Tony S. Hebson

3